# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00373-CR

**Bartolo Dominguez, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 08-339-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Bartolo Dominguez, Jr., guilty of aggravated kidnapping and theft from a person. The jury assessed punishment, enhanced by a previous felony conviction, at forty-seven years in prison for the aggravated kidnapping and at twenty years in prison for the theft. In a single point of error, appellant contends that the trial court's charge incorrectly instructed the jury regarding the range of punishment for the theft and, as a consequence, the punishment assessed for that offense exceeds that which is statutorily authorized. We overrule this contention and affirm the judgments of conviction.

On the morning of February 26, 2008, Paul Roland, who was seventy-three years old, was approached by a man and a woman in the parking lot of his apartment building in Williamson County. At gunpoint, these assailants forced Roland into his own truck, took his keys, watch, and wallet, and then bound his hands and placed a bandana over his eyes. During this episode, the man

struck Roland on the forehead with the pistol. With Roland bound in the back seat, the two assailants drove from the apartment complex in Roland's truck, stopping a few blocks away beside another vehicle. The two persons who seized Roland got out of the truck, and their place was taken by three or four other individuals (Roland was unsure of the number). These kidnappers drove to Buda, where Roland was taken from his truck and placed in a van, and then drove to a motel in San Antonio. Appellant's fingerprints were later found in Roland's truck, and it is undisputed that he was one of the kidnappers.

The following morning, Roland's brother received a telephone call demanding $500,000 ransom for his safe return. Over the next thirty-six hours, the kidnappers made several additional calls to arrange for the payment of the ransom. Using the signals from the cell phones used to make these calls, police traced the kidnappers to the San Antonio motel. On the night of February 28, police officers stopped the kidnappers' van as they attempted to move Roland from the motel to another location. Appellant was driving the van. Roland was found in the back seat with a bandanna over his face.

Count one of the indictment alleged in four paragraphs that appellant abducted Roland (1) with intent to hold him for ransom, (2) with intent to facilitate the commission of theft of more than $200,000, (3) with intent to inflict bodily injury on Roland, and (4) with intent to terrorize Roland or his brother. *See* Tex. Penal Code Ann. § 20.04(a)(1), (3), (4), (5) (West 2003) (aggravated kidnapping).[1] The trial court's charge authorized the jury to convict appellant for

---

[1] As returned by the grand jury, the indictment contained three counts. The original count one, alleging organized criminal activity, was abandoned by the State, and the remaining counts were renumbered accordingly.

aggravated kidnapping or for the lesser included offenses of kidnapping and unlawful restraint. The jury returned a verdict convicting appellant of aggravated kidnapping. Appellant does not bring forward a point of error complaining of this conviction or the punishment assessed.

Count two of the indictment alleged in two paragraphs that appellant, in the course of committing theft, (1) caused bodily injury to Roland by grabbing or pushing him into one or more vehicles, striking him with a hand, fist, firearm, or unknown object, or by any combination of these acts, and (2) threatened or placed Roland in fear of imminent bodily injury or death. *See id*. § 29.02(a)(1), (2) (robbery). In both paragraphs, the robbery was aggravated by the allegation that Roland was sixty-five years of age or older. *See id*. § 29.03(a)(3)(A) (aggravated robbery). The trial court's charge authorized the jury to convict appellant for aggravated robbery or for the lesser included offense of theft from a person. *See id*. § 31.03(a), (e)(4)(B) (West Supp. 2009). The jury returned a verdict convicting appellant of the lesser offense.

The indictment also contained a "deadly weapon notice" alleging that appellant used or exhibited a deadly weapon, "namely, a hand, fist, firearm or an unknown object," during the commission of or during immediate flight from a felony offense, or was a party to the offense and knew that a deadly weapon would be used or exhibited. *See id*. § 12.35(c)(1) (West Supp. 2009) (providing that state jail felony shall be punished as third degree felony if deadly weapon was used or exhibited during offense); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2009). This deadly weapon issue was separately submitted to the jury at the guilt stage. The jury answered the issue affirmatively.

3

Finally, the indictment contained a "penalty paragraph" alleging that appellant had been previously convicted of a felony. Appellant pleaded true to this allegation. Over appellant's objection, the trial court's punishment charge instructed the jury that the punishment range for the theft-from-a-person offense was two to twenty years. *See* Tex. Penal Code Ann. § 12.42(a)(3) (West Supp. 2009) (enhancing punishment for state jail felony punishable under section 12.35(c)). Appellant urged below, as he now urges on appeal, that the jury's deadly weapon finding did not apply to the theft offense. Thus, according to appellant, the theft from a person for which he was convicted was an ordinary state jail felony, was not punishable under section 12.35(c), and was not subject to further enhancement pursuant to section 12.42(a)(3). Appellant contends that the proper range of punishment for this offense was confinement in a state jail for no more than two years or less than 180 days. *See id*. § 12.35(a).

Appellant argues that by acquitting him of aggravated robbery, the jury necessarily concluded that he did not use a deadly weapon during the commission of the offense alleged in count two. As appellant expresses it in his brief, "If the jury believed that Appellant used or exhibited a deadly weapon as part of the offense in Count II, it would have had to convict him of the charged offense." Appellant continues, "It is clear . . . when considering Count II, and not being free to ignore the fact that [Roland] was 74 years old, the jury necessarily believed that a deadly weapon was not involved. Since the jury reached its decision in this fashion, the deadly weapon finding clearly does not, and cannot, apply to Count II. Theft from a person plus a deadly weapon, after all, would be aggravated robbery, the very offense of which the jury determined, by it's conviction of the lesser included offense, Appellant was not guilty."

Appellant's argument notwithstanding, there is no necessary inconsistency between the decision to acquit appellant of aggravated robbery and a finding that a deadly weapon was used during the lesser included theft. Use of a deadly weapon was not the aggravating element of the robbery alleged in count two, and the court's charge did not make appellant's conviction for aggravated robbery contingent on a finding that a deadly weapon was used during the offense. Moreover, the court's charge authorized appellant's conviction for aggravated robbery only as the primary actor, but it authorized appellant's conviction for the lesser included theft both as the primary actor and as a party.[2] Thus, the jury's decision to convict appellant for the lesser included theft offense does not necessarily mean that the jury found that no deadly weapon was used during the commission of the offenses alleged or included in count two. Consistent with the evidence and the charge, the jury could have concluded that the State failed to prove that appellant personally robbed Roland, but that the State did prove that he was a party to a theft from Roland during which a deadly weapon was used or exhibited.

The evidence supports the conclusion that a deadly weapon was used or exhibited during both the aggravated kidnapping and the theft. The evidence also supports the conclusion that appellant was criminally responsible for this use whether it was his own conduct or the conduct of another. There is nothing in the record to support appellant's assertion that the jury's deadly weapon finding applied only to the aggravated kidnapping offense. The trial court's punishment charge

---

[2] Aggravated robbery was the only offense submitted to the jury for which the court did not authorize appellant's conviction both as the primary actor and as a party. We find no explanation for this in the record.

5

incorporated the proper range of punishment for the theft-from-a-person offense, and the punishment assessed was statutorily authorized.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   May 25, 2010

Do Not Publish